No. 21-11192-CC

# United States Court of Appeals for the Eleventh Circuit

THE BANK OF NEW YORK MELLON f/k/a The Bank of New York, as successor trustee to JPMorgan Chase Bank, N.A., as trustee for Asset Backed Funding Corporation Asset-Backed Certificates, Series 2003-AHL1,

*Plaintiff-Appellee,*

— v. —

LORENZO A. ALLEN and JUANITA ALLEN,

*Defendants-Appellants.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA IN CASE NO. 0:19-CV-62182

**APPELLEE'S MOTION TO DISMISS APPEAL AS MOOT**

James H. Wyman
HINSHAW & CULBERTSON LLP
2525 Ponce de Leon Blvd., 4th Flr.
Coral Gables, Florida 33134
Telephone: (305) 358-7747
Facsimile: (305) 577-1063

*Counsel for The Bank of New York Mellon*

*The Bank of New York Mellon v. Allen*
Case No. 21-11192-CC

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Eleventh Circuit Rule 26.1-1, the following is a list of the trial judges, attorneys, persons, associations of persons, firms, partnerships, and corporations, including subsidiaries, conglomerates, affiliates, and parent corporations (including any publicly held corporation that hold more than ten percent of any appellee's stock), with any known interest in the outcome of this appeal.

Adams, Jesse (trial counsel for appellee)

Aldridge Pite, LLP

Allen, Juanita (defendant/appellant)

Allen, Lorenzo A. (defendant/appellant)

Bank of New York Mellon, The - BK

Cooke, Marcia G. (district court judge)

De Simone, Michael P. (trial counsel for appellee)

Hinshaw & Culbertson LLP

Hunt, Patrick M. (magistrate judge)

Locke Lord LLP

Ocwen Financial Corporation - OCN

Ocwen Loan Servicing, LLP

Williams, Lorianne K. (trial counsel for appellee)

Wyman, James H. (appellate counsel for appellee)

## APPELLEE'S MOTION TO DISMISS APPEAL AS MOOT

The plaintiff-appellee, The Bank of New York Mellon ("Bank"), pursuant to Federal Rule of Appellate Procedure 27, moves to dismiss this appeal as moot, and states as follows.

1.  The Bank brought this mortgage foreclosure action in Florida state court in May 2014 against the appellants, Lorenzo A. Allen and Juanita Allen, and several other defendants. (DE1:9.)[1]

2.  In August 2019, just before trial, Lorenzo Allen removed this case to the U.S. District Court for the Southern District of Florida. (DE1:1-2.) The Bank subsequently moved to remand. (DE13.) The district court granted the motion to remand, (DE19), and the Allens appealed from the remand order to this Court. (DE24.)

3.  In the interim, Allen moved to compel arbitration in state court and, after the motion was denied, sought interlocutory review of the denial in the Florida district court of appeal. (A.1-2.) The state trial court proceeded with trial and found that the Bank had proved its case and was entitled to a final judgment of foreclosure. (A.9-10.) However, the state court abstained from entering final judgment until the interlocutory appeal had been resolved. (A.10.)

---

[1] Citations to the record are "DE[docket entry number]:[page number]." Citations to the appendix accompanying this motion are "A.[page number]."

1

4. The Florida district court of appeal affirmed the denial of Allen's motion to compel arbitration, (A.12), and issued its mandate on December 30, 2021. (A.13.) That same day, the Bank moved for entry of final judgment in the state trial court. (A.5.)

5. Four days later, on January 4, 2022, Allen filed a petition for chapter 13 bankruptcy in the Southern District of Florida, in case no. 22-10014-SMG, *In re: Lorenzo Andrew Allen*. The Court ultimately stayed this appeal pending the resolution of the bankruptcy proceeding.

6. In the bankruptcy proceeding, Allen moved for a referral to mortgage modification mediation with the Bank, which motion the bankruptcy court granted. (A.21.) The parties reached an agreement at the mediation. (A.37) Allen then entered into a loan modification agreement with the Bank. (A.24-34.)

7. Allen moved for approval of the mortgage modification agreement. (A.22-23.) The bankruptcy court granted the motion, and authorized the parties "to take any and all necessary actions to effectuate the terms of the Agreement." (A.36.) Pursuant to the bankruptcy court's order, the Bank dismissed the foreclosure action in state court. (A.38.) The Bank has reached out to Allen regarding a joint motion to dismiss the present appeal, but Allen has failed to respond.

8. A case becomes moot "when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001). An appeal

must be dismissed if it becomes moot based on events that occur subsequent to its filing. *Id.*

9. Here, the appeal is moot because even if the Court reversed the district court's remand order, there is no longer a case over which the district court could assume jurisdiction. The state court dismissed the foreclosure case given the loan modification agreement with Allen. Hence, there is no longer a live controversy with respect to which the Court could give relief, let alone "meaningful relief," and the appeal should be dismissed as moot.

WHEREFORE, for the foregoing reasons, the appellee, The Bank of New York Mellon, respectfully requests that the Court enter an order dismissing the appeal as moot.

Respectfully submitted,

*s/James H. Wyman*
James H. Wyman
Florida Bar No. 117692
Hinshaw & Culbertson LLP
2525 Ponce de Leon Blvd.  4th Floor
Coral Gables, FL 33134
Telephone: (305) 358-7747
jwyman@hinshawlaw.com

## CERTIFICATE OF COMPLIANCE

1.  This motion complies with the length limits of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 568 words, excluding any parts exempted by Federal Rule of Appellate Procedure 32(f).

2.  This motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Civil Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2019 in 14-point Century Schoolbook type.

*s/James H. Wyman*
James H. Wyman

## CERTIFICATE OF SERVICE

I certify that on January 18, 2023, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to Lorenzo A. Allen and Juanita Allen, 6207 NW 66th Way, Parkland, Florida 33067, at poboy62@aol.com.

*s/James H. Wyman*
James H. Wyman

1041112\312424274.v1